**Affirmed and Opinion Filed December 21, 2020**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-00959-CR

**NOEL YOUNG ANDERSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-81903-2018**

## MEMORANDUM OPINION

Before Chief Justice Burns,[1] Justice Pedersen, III, and Justice Evans
Opinion by Justice Pedersen, III

Appellant Noel Young Anderson pleaded guilty to the charge of continuous sexual abuse of a child under fourteen years of age. The jury found him guilty and assessed his punishment at fifty years' confinement in the Texas Department of Criminal Justice Correctional Institutional Division. In a single issue, appellant contends that he was provided ineffective assistance of counsel at trial. We affirm the trial court's judgment.

---

[1] The Honorable David L. Bridges, Justice, participated in the submission of this case; however, he did not participate in the issuance of this memorandum opinion due to his death on July 25, 2020. Chief Justice Robert Burns has substituted for Justice Bridges in this cause.

Appellant's argument focuses solely on the voir dire process. He complains that his attorney (1) never informed the venire panel that appellant had the right not to testify; (2) never informed the panel that if he chose not to testify, his failure to testify could not be considered by the jury as a circumstance against him; and (3) "[m]ost importantly," never asked the panel—either collectively or individually—if appellant did not testify, whether they could and would follow an instruction from the court not to consider his failure to testify as a circumstance against him.

We evaluate the effectiveness of counsel under the standard enunciated in *Strickland v. Washington*. *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). To prevail on an ineffective assistance of counsel claim, appellant must prove by a preponderance of the evidence that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. 668, 687–88 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). Our review is rooted in a strong presumption of counsel's competence. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "Ineffective assistance of counsel claims are not built on retrospective speculation; they must 'be firmly founded in the record.'" *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002) (quoting *Thompson*, 9 S.W.3d at 813–14). We rarely entertain ineffective assistance of counsel claims on direct appeal because of an inadequate record, but there are exceptions to this rule. *See*

*Johnson v. State*, 172 S.W.3d 6, 13 (Tex. App.—Austin 2005, pet. ref'd). In this case, the record compels the conclusion that appellant cannot establish the prejudice prong of *Strickland*'s test.

Appellant's privilege to choose not to testify and to have that choice be free from consideration against him is well settled in both federal and Texas law. U.S. CONST. amend. V; TEX. CODE CRIM. PROC. ANN. art. 38.08. Appellant attaches the reporter's record of his trial counsel's voir dire, and the record confirms his claim that his attorney did not address the issue of appellant's testifying with the venire panel. But the entire record of the voir dire proceedings establishes that the panel was in fact instructed and questioned about this issue.

Initially, the trial court conducted a relatively lengthy voir dire before the attorneys took their turns addressing the panel. During its examination, the court explained:

> [T]the burden of proof is on the State to prove beyond a reasonable doubt the guilt of a Defendant. And a Defendant in a case, whether it's at guilt or punishment, has the right to remain silent, Fifth Amendment right. We've all heard that. This is where it actually comes into play. And if a person accused chooses not to testify, that fact cannot be taken against him. You just ignore it and go and consider what you do have, the information. Is there anyone that cannot do that? I take it by your silence that you can, and you will.

Next the prosecutor spoke to the panel, and he addressed the issue of the defendant's testimony as well:

> [T]he Defendant still has a Fifth Amendment right not to testify. So even though he has already pled guilty, he has a Fifth Amendment

conditional right that he doesn't have to take that stand and testify if he doesn't want to. And we cannot hold that against him.

And I won't go person by person, I'll just go row by row. Can everybody promise, at least on the first row, promise me that they won't hold it against him if he chooses not to testify?

The record indicates that every member of the panel, when asked that question one row at a time, responded affirmatively.

It is apparent, thus, that each of appellant's concerns was addressed during voir dire: (1) potential jurors were informed that appellant had the right not to testify; (2) they were informed that if he chose not to testify, his failure to testify could not be considered by the jury as a circumstance against him; and (3) they were asked whether—if appellant did not testify—they could and would follow that imperative not to hold against him his choice not to testify; they answered affirmatively. In fact, they were asked and responded affirmatively twice.

Finally, as appellant acknowledges, the trial court correctly instructed the jury on appellant's privilege:

Our law provides that a defendant may testify in his own behalf if he elects to do so. This, however, is a privilege accorded a defendant, and, in the event he elects not to testify, that fact cannot be taken as a circumstance against him. In this case, the defendant has elected not to testify, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the defendant.

Appellant contends that he was prejudiced because—in the absence of his attorney's asking potential jurors if they could and they would follow an instruction

from the court not to consider appellant's failure to testify as a circumstance against him—"there is no way to know from the record whether each juror selected could and did follow the instruction given to them in the Charge regarding [appellant's] failure to testify." We disagree for two reasons. First, we *do* know from the record that the jurors were asked this question and that they committed to following the instruction given by the trial court. And second, when we examine whether an appellant made the necessary showing of prejudice, we are to presume that the jury "acted according to law" and "reasonably, conscientiously, and impartially appl[ied] the standards that govern the decision." *Strickland*, 466 U.S. at 694–95. This means we must assume that the jury followed the instructions in the charge. *See Miles v. State*, 204 S.W.3d 822, 827–28 (Tex. Crim. App. 2006) ("in the absence of evidence to the contrary, we will assume that the jury followed its written instructions"); *Luquis v. State*, 72 S.W.3d 355, 366 (Tex. Crim. App. 2002) ("[w]e assume that the jury followed the instructions as given"). Here, there is no evidence in the record from which we could conclude that the jury disregarded the court's instruction concerning appellant's decision not to testify.

To show prejudice, appellant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In this context, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Given the full voir dire record, the correct statement of the law contained in the

court's charge, and the seriousness of the underlying offense, the appellate record does not show a reasonable probability that—had appellant's counsel asked the venire the same question for a third time—his sentence would have been lower. *See Villatoro v. State*, No. 05-18-00639-CR, 2019 WL 3940971, at *6 (Tex. App.—Dallas Aug. 21, 2019, pet. ref'd) (mem. op.) (to prove prejudice appellant must show reasonable probability exists that court would have imposed lower sentence). Our confidence in the outcome of appellant's trial is not undermined by appellant's challenge. *See Strickland*, 466 U.S. at 695–96.

"An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). Because we conclude appellant cannot satisfy the prejudice prong, we overrule his single issue.

We affirm the trial court's judgment.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

190959f.p05

Do Not Publish
TEX. R. APP. P. 47



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NOEL YOUNG ANDERSON,
Appellant

No. 05-19-00959-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 366-81903-
2018.
Opinion delivered by Justice
Pedersen, III. Chief Justice Burns and
Justice Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 21st day of December, 2020.